IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Maurice Tirrell Williams, | Case No. 4:14 CV 1060 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| FCI Elkton Warden, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Maurice Tirrell Williams filed this action for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner, who is in federal custody at FCI-Elkton, was convicted in the U.S. District Court for the Eastern District of Virginia of three drug offenses and two firearm offenses. Petitioner alleges his sentence was enhanced under 18 U.S.C. § 924(c) for using or carrying a firearm in relation to a drug trafficking crime. He contends he is entitled to relief from this sentence in light of the U.S. Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). He asks this Court to vacate his sentence. For the reasons set forth below, the Petition is denied.

### BACKGROUND

A jury convicted Petitioner of various offenses, including two counts of possession with intent to distribute ("PWID") more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a), and using or carrying a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c)(1)

("Use or Carry Offense"). The PWID convictions carried a mandatory-minimum sentence of five years of incarceration; however, the Government filed a notice of enhancement based on Petitioner's prior felony drug convictions, which raised the mandatory-minimum sentence to ten years. The Use or Carry Offense also carried a mandatory-minimum sentence of five years, which was required to run consecutively to sentences for other counts. In a special verdict, the jury also found Petitioner had possessed more than five grams of crack cocaine.

As a result of the verdict, Petitioner was subject to a five-year mandatory-minimum sentence for the PWID convictions, with a five-year enhancement for having a prior felony drug conviction (totaling a mandatory-minimum sentence of ten years for the PWID convictions), and a five-year mandatory-minimum consecutive sentence for the Use or Carry Offense conviction. Petitioner argued at sentencing that he should not be sentenced to the five-year consecutive sentence under Section 924(c)(1) because the statute provides for a mandatory-minimum consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A). He argued the ten-year mandatory-minimum sentence for the PWID convictions and the enhancement are "a greater minimum sentence . . . provided by . . . any other provision of law," and therefore the mandatory-minimum sentence of Section 924(c) should not apply. The trial court heard arguments from both parties on this issue, and rejected Petitioner's argument, citing *United States v. Studifin*, 240 F.3d 415, 423 (4th Cir. 2001). The court sentenced Petitioner to 180 months (15 years), the mandatory-minimum sentence under the statutes.

Petitioner filed an appeal, again asserting he should have been sentenced only to ten years because the enhanced PWID sentence imposed a greater minimum sentence than Section 924(c). The Fourth Circuit rejected this argument and affirmed his sentence.

2

Petitioner has now filed this habeas Petition under 28 U.S.C. § 2241 claiming the Supreme Court's recent decision in *Alleyne* provides him relief. He claims after *Alleyne*, any fact raising the mandatory-minimum sentence is considered an element that must be submitted to the jury. He stresses he did not admit to the evidence supporting his enhancement for prior drug convictions and the mandatory-minimum for the Use and Carry Offense. The weapons leading to the enhancement were found during the execution of a search warrant, and he denied owning the weapons. He further claims he did not admit to his prior felony convictions. He reasons that without these enhancements and mandatory-minimum consecutive sentences, he would have been subject only to a five-year mandatory-minimum sentence. He acknowledges this argument would generally have to be asserted in a motion to vacate under 28 U.S.C. § 2255. However, he claims the Supreme Court decided *Alleyne* after the time to file a Section 2255 motion expired. He contends the "safety valve" provision of Section 2255 applies to his claims, and he therefore can assert his claims in a Section 2241 petition.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

## DISCUSSION

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion to vacate under Section 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under Section 2241 may be used by a federal prisoner to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). The forms of relief available under each of these statutes is unique, and they are not interchangeable. Section 2241 is not an alternative remedy to Section 2255.

However, Section 2255 does contain a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under Section 2241, if it appears that the remedy afforded under Section 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The "safety valve" is a narrow exception. Relief under Section 2255 is not inadequate or ineffective merely because a petitioner has already been denied relief under that provision, is procedurally barred from pursuing relief under Section 2255, or has been denied permission to file a second or successive motion to vacate. *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Invocation of the safety valve is restricted to cases where prisoners can show "an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a petitioner's belated declaration of his belief he should not have been convicted. It requires a petitioner to demonstrate he is factually innocent, rather than merely not guilty due to a legal insufficiency or error.

4

*Bousley v. United States*, 523 U.S. 614, 623 (1998). In other words, to successfully invoke the safety valve, a petitioner must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent motions; (3) which is retroactive; and (4) which applies to the merits of the petition to make it more likely than not no reasonable juror would have convicted him. *Wooten*, 677 F.3d at 307–08.

Petitioner claims the new interpretation of statutory law comes from *Alleyne*, which was issued after he filed his direct appeal. He now asks this Court to determine that *Alleyne* renders him actually innocent of the factors mandating the length of his sentence, apply the rule announced in *Alleyne* retroactively to his case, and grant him relief from his sentence.

As an initial matter, Petitioner has not demonstrated the rule in *Alleyne* applied to his case makes it more likely than not that no reasonable juror would have convicted him. *Wooten*, 677 F.3d at 307–08. *Alleyne* is a sentencing-error case. *See Carter v. Coakley*, 2013 WL 3365139 (N.D. Ohio 2013). It has no bearing on whether a defendant is innocent of a crime. *Id.* It merely limits the potential punishment for that crime. *Id.* Claims of sentencing errors do not serve as the basis for an actual innocence claim. *Id. See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (holding *Apprendi v. New Jersey*, 530 U.S. 466 (2000) could not be basis for actual innocence claim).

Moreover, *Alleyne* does not apply to the facts of this case. Alleyne was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory-minimum five-year sentence. *Alleyne*, 133 S. Ct. at 2156. However, at sentencing the judge found Alleyne had "brandished" a firearm, raising his

5

mandatory-minimum sentence to seven years under the applicable statute.[1] *Id*. Alleyne objected, claiming evidence of "brandishing" was not presented to the jury. The Supreme Court agreed, holding any fact increasing a mandatory-minimum sentence for a crime beyond what is listed in the statute is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 133 S. Ct. at 2162-63.

Petitioner has two objections under *Alleyne*. First, he claims he does not agree with the facts found by the jury in support of the Use or Carry Offense conviction. Second, he claims that the fact of his prior conviction was not presented to the jury, but was found by the trial judge, renders his sentence impermissible. Therefore, Petitioner argues, the district court erred when it imposed the 15-year sentence. However, both of these contentions are outside of the parameters of *Alleyne*.

Unlike the defendant in *Alleyne*, Petitioner was found guilty by a jury of using or carrying a firearm in relation to a drug crime in violation of Section 924(c)(1)(A), and the trial judge sentenced him to the mandatory-minimum sentence for that statutory violation. The judge did not make a further finding that he brandished the weapon to increase the mandatory-minimum sentence from five to seven years, as was the case with Alleyne. In this case, the jury's verdict (not a judicial finding) formed the factual basis for the mandatory-minimum sentence. Petitioner does not have to admit the facts found by the jury for the enhancement to be applied.

---

[1] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

In addition, *Alleyne* does not prohibit a judge from determining whether a petitioner has a prior conviction to enhance his sentence. Since the Supreme Court decided *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction and need not submit that issue to the jury. *United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir. 2014). The Supreme Court in *Alleyne* specifically declined to disturb the holding in A*lmendarez–Torres*. *Alleyne*, 133 S. Ct. at 2160 n.1. A jury did not need to find Petitioner had a prior conviction for the enhancement to apply. *Pritchett*, 749 F.3d at 434. That fact could be determined by the trial judge.

Finally, even if Petitioner had successfully established *Alleyne* is applicable to his case, *Alleyne* does not apply retroactively. Two types of new rules announced by the Supreme Court are automatically retroactive on collateral review: (1) substantive rules placing "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"; and (2) new procedural rules implicated in the concept of ordered liberty. *Teague v. Lane*, 489 U.S. 288, 311 (1989). The Sixth Circuit has already determined that *Alleyne* does not fall into either *Teague* exception. *In re Mazzio*, 756 F.3d 487, 489–91 (6th Cir. 2014) (finding *Alleyne* does not satisfy the *Teague* exceptions). Petitioner cannot rely on *Alleyne* to establish actual innocence.

Because Petitioner has not established his "actual innocence" of the crimes of which he was convicted, his claims do not fit within the safety valve provision of Section 2255. He cannot assert these claims in a Section 2241 petition.

**CONCLUSION**

For the forgoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 15, 2014